THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BILL J. HALL, Defendant-Appellant.

(No. 56190; ▮▮▮▮▮▮▮▮▮

First District—March 8, 1972.

Mr. JUSTICE ADESKO delivered the opinion of the court:

On January 19, 1971, defendant pleaded guilty to two counts of murder and was sentenced to the penitentiary for concurrent terms of twenty-five to fifty years. On March 3, 1971, he filed a notice of appeal and the Public Defender was appointed as his counsel.

The Public Defender has filed a motion to withdraw on the basis that there is no merit to the appeal. Pursuant to *Anders v. California* (1967), 386 U.S. 738, the Public Defender has furnished this court with a brief in support of the petition to withdraw and a transcript of the proceedings. Notice of the motion to withdraw and copies of the petition to withdraw and brief were mailed to the defendant on October 20, 1971. Defendant did not respond.

The brief states that the only basis for appeal would be whether the court fully admonished the defendant as to the significance and consequences of his change of plea from not guilty to guilty. A review of the testimony at that time shows:

"DEFENSE ATTORNEY: May it please the court, at this time we have concluded our conference with the State and we have discussed this matter with the defendant, and we would like at this time to have changed the plea hereto entered from not guilty to a plea of guilty.

THE COURT: The defendant wishes to withdraw his plea of not guilty and enter a plea of guilty, is that correct?

DEFENSE ATTORNEY: That is right, Your Honor.

THE COURT: Mr. Hall, do you understand that your lawyer is telling the Court now—

THE DEFENDANT: Yes.

THE COURT: [continuing]—your lawyer is indicating to the Court that you wish at this time to withdraw a plea of not guilty which you had entered, to Indictment 70-384, which charges you with the murder of Bernice Hall, on November 25, and with the murder of Wanda Gail Harcrow on November 25, and to enter a plea of guilty on that particular indictment, is that correct?

THE DEFENDANT: Yes.

THE COURT: Now, you understand, do you not, that by pleading guilty to this indictment that you are in fact admitting the charges contained in that indictment and you are saying in effect, yes, I have done those things and I have committed those acts with which they charge me?

Do you understand that?

THE DEFENDANT: Yes.

\* \* \*

THE COURT: All right, Mr. Hall, I asked you earlier and I am going to ask you again, do you understand that by pleading guilty to this indictment that you are in fact admitting the charges contained in the indictment, and admitting the facts as recited to the Court by the State's Attorney just now?

You will have to speak up. I don't think the court reporter can hear you.

THE DEFENDANT: Yes.

\* \* \*

THE COURT: If I can oversimplify this thing, I suppose what we are really saying, is it not, that you are saying, no, I don't want a jury to come in, no, I don't want a trial, no, I don't want the witnesses to come in, I am admitting these charges, I am admitting these facts as the State's Attorney recited to the Court? Is that the position you find yourself in?

THE DEFENDANT: Yes, sir.

THE COURT: Now, do you understand, do you not, that you don't have to change your plea, you can continue to plead not guilty, you don't have to plead guilty in this case, you know that?

THE DEFENDANT: Yes, sir.

THE COURT: And this plea of guilty that you are entering now is a voluntary one on your part? Is this something you want to do?

THE DEFENDANT: Yes, sir.

THE COURT: There has been no force or no pressure no promises

made, other than the fact that whatever may have resulted from the conference that your counsel indicated he had engaged in prior to this particular hearing now?

THE DEFENDANT: Yes.

THE COURT: It is a voluntary thing, this is what you wish to do?

THE DEFENDANT: Yes, sir.

THE COURT: Now, before accepting your plea I must advise you that the penalty which the statute provides for this charge of murder, on each of the charges the statute provides that you may be sentenced to the penitentiary for a minimum of fourteen years up to life, any number of years in between those two figures, and, indeed, the statute also provides that the capital punishment of death may also be provided for a charge of murder.

Do you understand that?

So it could be as much as death, or any number of years in the penitentiary not less than fourteen, or any number of years beyond that up to life, or any number of years in between those two figures?

Do you understand that?

THE DEFENDANT: Yes."

The record in this case shows that the defendant was fully informed of his rights and the consequences of his guilty plea, and that he persisted in that plea. We, therefore, conclude that the defendant's plea was properly accepted by the trial court.

We find that an appeal would be wholly frivolous, and therefore, the motion of the Public Defender is allowed and judgment is affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.